(61 App. Div. 143.)

## CANALE v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

1. LIBEL—AMENDED ANSWER—JUSTIFICATION.

Where defendant in a suit for libel interposed an answer, with no attempt to justify, and learned that the alleged libelous statements were true only on return of a commission to take testimony in a foreign country, it should have been allowed to file an amended answer pleading justification.

2. SAME—NEW MATTER.

A denial in such amended answer that defendant published the newspaper in which the alleged libel was printed is not allowable.

Appeal from special term, New York county.

Action by Louis Canale against the Press Publishing Company. From an order refusing to allow service of a supplementary answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

James W. Gerard, for appellant.
John E. Eustis, for respondent.

INGRAHAM, J. This action was for libel, which, in substance, charged the plaintiff with selling fraudulent naturalization papers and procuring fraudulent naturalization. In the original answer interposed, the defendant did not attempt to justify; and it was only upon the return of a commission appointed to take the testimony of a witness at Genoa, Italy, that the defendant was informed that the plaintiff had actually sold fraudulent naturalization papers to the witness, whereupon the defendant applied for leave to serve an amended answer, by which it is alleged that the said plaintiff had sold fraudulent naturalization papers. I can see no reason why the defendant should not be allowed to serve such an answer. If the plaintiff is guilty as charged in this article, he is guilty of a serious crime, and the defendant, the publisher of a newspaper, in exposing it performed a meritorious and important public service; and, while the publisher should be held to a strict responsibility for what it publishes in regard to an individual, at the same time, where the charge is true, the newspaper performing this public service should not be prevented from proving the truth. The witness whose testimony was taken under commission testified that the plaintiff sold him a fraudulent naturalization paper, which upon its face purported to make him a citizen. This the plaintiff denies; but the question should not be tried upon affidavits, but by a jury, where the witnesses can be cross-examined, and the question determined in the way provided for by law for the disposition of issues of fact of this character. There seems to have been no laches in making the application, and I think the defendant should be allowed to plead the justification. There does not appear to be any reason, however, for allowing the defendant now to deny that it publishes the World newspaper.

The order appealed from should therefore be reversed, with $10 costs and disbursements of this appeal, and the motion to allow the

defendant to serve the proposed amended answer, except so far as it denies publishing the newspaper called "The World," should be granted, upon payment of the costs of the action after notice of trial and $10 costs of motion; the case to maintain its position upon the calendar, in conformity with the provisions of section 723 of the Code of Civil Procedure. All concur.